## Alida A. Phillips et al., Appts., v. R. A. Clark and Wife.

Where a person, having an equity in land by virtue of an article of agreement for its purchase and part payment by him, dies, having devised such land to his son, provided he pays an annuity devised to testator's daughter and directed to be paid by the son, who is appointed executor, and the son, with the intention to revest the title in the vendor, sells and quitclaims to the latter his interest in the land on receiving the amount paid thereon by his father, *held,* that when the vendor took the son's equity he took it charged with the annuity of the daughter; and as by this act the equity was merged in the legal estate, the charge was thereby necessarily fixed upon the latter.

(Argued November 16, 1886. Decided January 3, 1887.)

October Term, 1886, No. 117, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal .from a decree of the Orphans' Court of Allegheny County in favor of the complainants in a suit to charge land with the payment of an annuity. Affirmed.

The facts are sufficiently stated in the following opinion and decree of the court below by HAWKINS, P. J.:

By article of agreement dated August 11, 1865, James Ross purchased a farm containing about 127 acres of land from John S. Phillips, in consideration of $16,000—payable, $1,000 on January 16, 1866, $14,000 on April 1, 1866, when the deed and possession were to be delivered, and the balance ($1,000) with interest, on April 1, 1868.

Mr. Ross paid the first instalment at the time appointed, and died on February 1, 1866. By his will dated January 23, 1866, he bequeathed to his "daughter, Mary Clark, during her natural life, after the death of her mother, all that house and lot of ground recently purchased by me from J. B. Young, . . . and $84, to be paid annually by my son, Isaac Ross;" and devised to Isaac M. Ross, his son, "all that tract or parcel of land in Robinson township, which I recently purchased from John S. Phillips, containing 127 acres, more or less, . . . provided he pays the foregoing money bequests to my daughter, Mary Clark;" and he appointed his son, Isaac, executor of his will.

By article dated February 16, 1866, "Isaac M. Ross, devisee of James Ross," agreed to "release and convey to" John S. Phillips "all his right, and interest in the tract of land described in the annexed agreement" (between James Ross and John S. Phillips) in consideration of the sum of $1,000, "being the amount paid to him (John S. Phillips) by James Ross on the said agreement for the said land; and whereas, by the will of the said James Ross the said land is charged with the payment of the sum of $84 annually to Mrs. Mary Clark during her natural life, and the sum of $1,400 at her death to James and Joseph Clark; it is further agreed that, to indemnify said Phillips against the said charge, the said Ross is to deposit with Joseph Ross $2,000 of United States bonds, to be held by him in trust and security for and indemnity against said charge, until the same is released or other satisfactory arrangements are made."

By deed dated February 20, 1866 (but not recorded), Isaac M. Ross, for consideration mentioned, of $1,000, "remised, released, and quitclaimed" to John S. Phillips "all that tract of land" above described, and recited: "It being the same tract of land which the said John S. Phillips, by agree-

ment August 11, 1865, agreed to sell and convey to James Ross for the sum of $16,000 (of which $1,000 has been paid to the said Phillips); and the said James having since that time died, by his last will duly probated and of record in the register's office of Allegheny county devised the said tract of land to the said Isaac M. Ross. And this quitclaim deed is intended to revest the title to said tract of land completely in the said John S. Phillips, his heirs and assigns."

By indorsement on the article between James Ross and John S. Phillips the following receipt appears:

March 16, 1866.

Received of John S. Phillips $1,000 which I paid him on 16th day of January, it being the first payment on this article.

Isaac M. Ross.

No possession of the farm was ever taken by either James or Isaac M. Ross in fact; but John S. Phillips, during his life, and his widow and children since his death, have had uninterrupted actual possession.

The annuity to Mary Clark appears to have been paid by Isaac M. Ross until April 1, 1882.

Isaac M. Ross does not appear to have filed either inventory or account.

It was not denied in argument that James Ross intended to devise the Phillips farm to his son Isaac, subject to an annuity in favor of his daughter, Mrs. Clark. The nature of the annuity was such as made this charge not only proper but necessary. It was for the life of the daughter; was for her maintenance during that period; and might last far beyond the mere personal liability of the son. The land was thus made, so far as testator could make it, security for the payment of the annuity. Holliday v. Summerville, 3 Penr. & W. 533; Solliday v. Gruver, 7 Pa. 452.

The value of this security must of course be measured by the devise; and that devise contemplated not only the equitable title already vested in the testator, but the legal title for which he had contracted. It was of the land purchased. The estate of testator was bound to secure the legal title to it by compliance with the terms of purchase, unless prevented by want of means. It must be assumed, in the absence of evidence to the contrary, that there were means to comply with the contract of purchase,

and that the annuitant as well as the devisee had a vested right to their use. There is no evidence that Mrs. Clark relinquished her right; and without consent she could not be deprived of it. It may be that had the executor shown a deficiency of assets, this court might have rescinded the contract of sale; but even in that case the amount, if any, in the executor's hand which would have been applicable to the payment of purchase money, had the contract been executed, must have been sequestered for the benefit of the parties intended.

But no such proceeding was had here. Isaac M. Ross dealt with Mr. Phillips in his capacity as devisee of James Ross alone, without notice to, or the consent of Mrs. Clark; and the conveyance of his interest in the farm can be treated, so far as Mrs. Clark is concerned, no other than as a sale. It was made not only for a valuable consideration with actual notice of Mrs. Clark's right, but with indemnity against that right stipulated in the contract of sale itself. Surely, having accepted the devise subject to the payment of the annuity to his sister, with the means of exoneration of the subject of the devise from payment of the balance of purchase in his hand, Isaac M. Ross cannot be permitted to defeat her right. It was argued that she should have compelled him to account, and claimed against the fund applicable to the purchase in his hands as executor. But the answer to this is that there is no evidence, actual or constructive, that she knew of the attempted rescission; the absence of record evidence and the regular payment of the annuity by her brother would have lulled even a suspicion of such attempt. But had she known, she was not a party and of course not bound by what was done by her brother and Mr. Phillips.

Mr. Phillips acquired no higher nor better right than Isaac M. Ross, with whom he dealt in his capacity of devisee of James Ross, and through whom alone his heirs can now claim. Isaac M. Ross had no control over the annuity given Mrs. Clark; and Mr. Phillips did not deal with her. It was argued that Mrs. Clark had at least but an equity which has been barred by the statute of limitations. It was an equity and more than an equity; the will made it the duty of the executor and devisee to secure the legal title to the land for her benefit as well as that of the devisee.

Mrs. Clark could have no reason for inquiring, so long as her brother paid her annuity regularly; and neither Mr. Phillips nor his heirs gave her notice of adverse claim.

It seems clear therefore that petitioner has a right to avail herself of the security of the land devised subject to her claim, to enforce payment.

It is ordered, adjudged, and decreed that the annuity in arrears, due the said Mary Clark, *viz.:* $336, be paid by the respondents in this case; and in default of payment within thirty days after notice hereof, the petitioners shall have execution by writ of levari facias, for the sale of the land described in petition, for the collection of the same with costs.

The assignments of error specified the action of the court in entering the decree as above, and in not dismissing the petition.

*John G. Bryant,* for appellants.—The only estate James Ross had in the land at his death was that of a vendee under articles without possession. That estate only therein was or could be devised or charged by him. Out of that estate alone can the arrears of the annuity charged be raised. Of that estate alone did the orphans' court have jurisdiction. Yet the court below has decreed, as against the heirs of his vendor, that the arrears be raised out of the land, and not merely of the estate therein which was of the testator. Houston's Appeal, 6 W. N. C. 162; Purdon's Digest, title, *Decedent's Estates,* pl. 237.

*Joel L. Bigham,* for appellees.—If the plaintiff in a judgment becomes the owner of land upon which the judgment is a lien, his security is extinguished by operation of law. Koons v. Hartman, 7 Watts, 20.

If a mortgagee becomes the purchaser at sheriff's sale of the mortgaged premises, the mortgage is extinguished as a security, even as against the holder of one of the bonds recited in it, and although the sale was expressly subject to the mortgage. Brown v. Simpson, 2 Watts, 233.

PER CURIAM:

This case was properly disposed of in the court below. When Phillips took the equity of Ross, he took it charged with the annuity of Mary Clark; and as by this act the equity was merged in the legal estate, the charge was thereby necessarily fixed upon the latter, and the representatives of Phillips cannot now be heard to complain of a result produced by their principal.

Decree affirmed and appeal dismissed, at the costs of the appellants.